<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS F. CAMARA, et al., | : | |
| Plaintiffs, | : | Civil Action No. 14-2042 (KM) |
| v. | : | |
| STEVENS TRANSPORT, et al., | : | OPINION |
| Defendants. | : | |

This matter comes before the Court by way of Plaintiffs, Luis F. Camara and Elizabeth Castro as Administrators Ad Prosequendum and Administrators of the Estate of Mark A. Camara's ("Plaintiffs") Motion for Leave to file an Amended Complaint ("Motion"). (First Mot. to Amend/Correct Complaint, July 23, 2015, D.E. 22). Defendant, Stevens Transport ("Defendant" or "Stevens"), opposes the Motion. (Def.'s Opp'n Br., October 3, 2015, D.E. 23). The Court has considered Plaintiffs' Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' Motion is granted.

## II. BACKGROUND

### A. Factual Background

On May 31, 2013, the deceased Plaintiff, Mark A. Camara, was operating a motorcycle and traveling in a westerly direction on New Brunswick Avenue in the Township of Woodbridge. Complaint, ¶ 2. A Stevens truck was traveling in an Easterly direction of New Brunswick Avenue and making a left turn onto the entrance ramp of U.S. Highway 9 South in

Woodbridge, N.J.  *Id.* at ¶ 3.  The two vehicles collided and the deceased Plaintiff sustained multiple and traumatic injuries which resulted in his death.  *Id.* at ¶¶ 4, 7.

### B.     Procedural History

As a result of the fatal injuries Mark A. Camara sustained in the accident on May 31, 2013, Plaintiffs filed the instant action in the Superior Court of New Jersey, Middlesex County on March 7, 2014.  At the time the Complaint was filed, Plaintiffs did not know the identity of the actual operator of the Stevens truck involved in the accident.[1]  As such, Plaintiffs named John Does 1-10 as fictitious parties who may have been operating the tractor trailer at the time of the May 31, 2013 accident.  On April 1, 2014, Stevens answered Plaintiffs' Complaint and removed the matter to federal court.

On August 12, 2014, Stevens Transport provided Plaintiffs' counsel with responses to the required initial disclosure. (Pl. Br. at 2).  While Initial Disclosure number 1 asked for the names of all persons with discoverable information, Defendant indicated "None known at this time." (*Id.*)  On September 12, 2014, Plaintiff propounded interrogatories and a notice to produce on Stevens, specifically requesting the name of the operator of the Stevens truck at the time of the accident.  (*Id.*)  Answers to the interrogatories were due initially on October 12, 2014 but that date was extended to January 23, 2015.  (*Id.*)  On February 22, 2015, when Plaintiffs' counsel had not received those responses, he wrote to defense counsel requesting them.  (*Id.*)  On March 9, 2015, Plaintiffs' counsel wrote to the Court in an effort to obtain help in obtaining responses to Plaintiffs' discovery requests. (D.E. 11).  On April 10, 2015, defense counsel wrote to the

---

[1] Plaintiffs' counsel indicates that a month before he filed the Complaint in this matter he notified Stevens that one of its trucks had been involved in the accident which is the subject of the instant action and that Stevens needed to preserve the records of any employee that may have operated a Stevens's truck on that date near the location of the accident.

Court to indicate it had responded to Plaintiffs' discovery requests.  (D.E. 14).  These responses for the first time named the operator of the Steven's truck at the time of the accident.  (Pl. Br. at 3.)

A Scheduling Order was entered in this case on August 13, 2014, setting January 23, 2015 as the date by which any motion to add new parties or amend the pleadings must be filed.  (Scheduling Order in an Arbitration Case, August 13, 2014, D.E. No. 6).  An Amended Scheduling Order was entered on January 20, 2015, resetting certain deadlines.  (Amended Scheduling Order in an Arbitration Case, January 21, 2015, D.E. No. 10).  However, the January 23, 2015 date by which to file a motion to amend remained intact.  Another Amended Scheduling Order was entered in this case on April 22, 2015.  (Amended Scheduling Order in an Arbitration Case, April 22, 2015, D.E. No. 15).  This time, the date on which motions to amend were required to be filed by was changed to "[TO BE DETERMINED]." (*Id.*)  The multiple scheduling orders were required in this matter, due in part, to Defendant's failure to respond to Plaintiffs' discovery demands.  (*See*, *e.g.*, Plaintiffs' Letter to the Court, March 9, 2015, D.E. 11.).

Plaintiffs filed a Motion to Amend the Complaint on May 28, 2015.  (D.E. 16).  This Court administratively terminated the motion on July 2, 2015 because Plaintiffs had failed to comply with the Local Rules in that they failed to file a brief or indicate that no brief was necessary.  (D.E. 21).  Plaintiffs were directed to file a proper motion by July 24, 2015.  (*Id.*)  Plaintiffs filed the instant motion on July 23, 2015, seeking to amend their Complaint to name Anthony Lewis, the operator of the truck, as a Defendant in this action in place of John Doe Number 1, to name Paragon Leasing, L.P. as a Defendant in this action in place of ABC Corporation/Companies Number 1; and to correct the name of Defendant to Stevens Transport,

Inc.[2]  (Pl. Notice of Motion, July 23, 2015, D.E. 22).  Defendant filed an opposition to the motion on August 3, 2015, arguing that the motion should be denied because the Amended Complaint seeks to add a new party, the 2-year statute of limitations has run and the claims asserted against the new party do not relate back to the filing of the Complaint.  (Pl. Opp'n. Br. at 2, August 3, 2015, D.E. 23).

### III.  DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure."  *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283 (NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011).  Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order."  *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).

The Court's most recent amended scheduling order, dated April 22, 2015, did not set a date for the filing of motions to amend the pleadings.  (Amended Scheduling Order in an Arbitration Case, April 22, 2015, D.E. No. 15).  On July 2, 2015, this Court terminated Plaintiffs' motion to amend as it did not comply with the local rules.  (D.E. 21).  In the July 2, 2015 Order, this Court permitted Plaintiffs until July 24, 2015 to file a proper motion to amend the Complaint, which Plaintiffs then filed on July 23, 2015.  (*Id.*, D.E. 22).  Accordingly, Plaintiffs' motion was timely filed under the operative scheduling orders in this action, Plaintiffs

---

[2]  The only dispute with respect to the Amended Complaint centers on the naming of "John Doe 1."  Therefore, for purposes of this motion, the Court will address only the arguments as regarding him in this Opinion.

4

do not have the burden of satisfying the good-cause standard under Rule 16 to amend their complaint, and Rule 15 governs the instant motion.

### A. Standard – Motion for Leave to File an Amended Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal Rules of Civil Procedure liberally allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations marks omitted). The Rules further provide, that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. *Id.*

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court. *See id.*; *Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). Leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *See Foman*, 371 U.S. at 182; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Put differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations, internal quotation marks, and emphasis omitted). Pursuant to their

discretion under Rule 15, courts generally grant leave to amend where, during the course of discovery, a party discovers "new evidence." *See*, *e.g.*, *Kronfeld v. First Jersey Nat'l Bank*, 638 F. Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs [had] a dilatory motive").

### B. Relation Back and the Fictitious Party Rule

The Court may also consider the relation back doctrine in determining whether a proposed amendment which might otherwise be barred by the applicable statute of limitations can be deemed timely. An amended complaint will be considered to relate back to the original complaint when:

> (A) the law that provides the applicable statute of limitations allows relations back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule (15)(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

With respect to fictitious parties, the "discovery rule" provides, in relevant part, that:

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4–5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may

> issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained....

N.J. Ct. R. 4:26–4. The discovery rule permits a plaintiff to amend his complaint, in which he has named a fictitious party along with a general description of that defendant, after the statute of limitations has run to name the true defendant even if the true defendant did not have notice of the action during the limitations period. *See Mancuso v. Neckles ex rel. Neckles*, 163 N.J. 26, 35 n.1 (2000); *Viviano v. CBS, Inc.*, 101 N.J. 538, 548 (1986); *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 147 (App. Div. 1986). The discovery rule essentially tolls the statute of limitations where its requirements are met. *See DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004). To satisfy the requirements of the rule, plaintiff must include in the original complaint a description of the fictitious party sufficient to identify the party, plaintiff must exercise "due diligence" to ascertain the true party's name, and application of the rule must not prejudice the newly-named party. *Id.* at 353-54.

### C. Plaintiffs Meet the Standard for Granting Leave Under Rule 15(a)(2)

In the instant case, Defendant opposes Plaintiffs' Motion to Amend essentially on the grounds of undue delay and futility. (Opp'n Br. at 2-18, D.E. No. 23). Defendant does not argue that the Court should deny leave to amend on the basis of bad faith by Plaintiffs, or prejudice to Defendant. (*See id.*).

#### i. Undue Delay

While incidental delay is an insufficient ground on which to deny leave to amend, undue delay supports denial. *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990). As the United States Court of Appeals for the Third Circuit explained,

7

> [t]he passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [adverse party].

*Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted); *see also Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (noting "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted); *Harrison Beverage*, 133 F.R.D. at 468 (stating, in cases of delay, the movant must show that "its delay in seeking to amend is 'satisfactorily explained'") (quoting *Leased Optical Dept's v. Opti-Ctr., Inc.*, 120 F.R.D. 476, 478 (D.N.J. Apr. 12, 1988)).

Here, Defendant did not provide the name of the operator of the truck until roughly six weeks before Plaintiffs originally moved to amend their Complaint. No names were given during initial disclosures of people who may have discoverable information. Defendant did not respond to Plaintiffs' discovery requests until about seven months after discovery was propounded on it, and then, only after Court intervention. Now Defendant attempts to argue that Plaintiff delayed in moving to name the operator of the truck. Any undue delay in this case was not on the part of the Plaintiff. Accordingly, the Court finds that Plaintiffs did not cause any undue delay and exercised reasonable diligence because they filed their proposed Amended Complaint within six weeks of April 9, 2015, the date on which they received Defendant's responses to interrogatories Plaintiffs propounded on them on September 12, 2014. Any delay that may have occurred has in no way prejudiced Defendant because the claims remain the same

and the added Defendant merely replaces the previously named "John Doe." As such, there is no foreseeable threat of a delay, due to a reopening of discovery, if Plaintiffs are granted leave to amend.

### ii. Futility

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage*, 133 F.R.D. at 468 (citations omitted) (internal quotations marks omitted). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Harrison Beverage*, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. *Id.* at 210–11; *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3rd Cir. 2010); *see also Iqbal*, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions"

devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted)).

Second, as stated above, a court determines whether the plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Although the plausibility standard is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Defendant essentially argues that Plaintiffs' amendment is futile because it is barred by the two-year statute of limitations which governs this type of claim. Plaintiffs maintain that their amendment is timely both because it relates back to the filing of the Complaint in this matter, and under the fictitious party rule because the Complaint named John Doe Defendants.

The Court finds that Plaintiffs' amendment is not futile as Plaintiffs provide sufficient facts to demonstrate that the amendment to name the operator of the truck relates back to the original Complaint and that it has satisfied the requirements of the discovery rule. Plaintiff's complaint named "John Doe" as the operator of the Stevens truck operating in the area of the accident on the date of the accident. The Court finds Plaintiffs plead a sufficient description of the John Doe Defendant to identify him. Next, Plaintiffs have been working since the accident to identify the parties involved in the accident, even having hired an expert to digitally enhance a

10

surveillance video from the scene of the accident. Plaintiff propounded their discovery requests in a timely manner and followed up with both Defendant and the Court when no responses were forthcoming. Accordingly, the Court finds that Plaintiffs exercised due diligence in attempting to ascertain the operator's name. Finally, Defendant has not indicated any prejudice to the operator of the truck in naming him at this time, nor should there be as Defendant has had his identity within their possession for some time. Therefore, the Court finds that the use of the fictitious party name in the Complaint tolled the two year statute of limitations and Plaintiffs' amendment is not futile.

Defendant has not argued bad faith, dilatory motive or undue prejudice. Therefore, the Court need not conduct an analysis of these elements under Rule 15(a)(2). Courts have consistently held that Rule 15 should liberally allow amendment of pleadings, and the Court here finds that plaintiff meets the standard to grant leave under Rule 15. *See Foman*, 371 U.S. at 182.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for leave to file the proposed Amended Complaint is granted. An appropriate form of Order accompanies this Opinion.

s/ Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

Date: September 18, 2015