UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS F. CAMARA and ELIZABETH CASTRO as Administrators Ad Prosequendum and Administrators of the Estate of MARK A. CAMARA,<br><br>Plaintiffs,<br><br>v.<br><br>STEVENS TRANSPORT, et al.,<br><br>Defendants. | Civ. No. 14-2042 (KM) (MAH)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

    This matter arises out of a motorcycle collision with a tractor trailer, resulting in the death of the motorcyclist, Mark Camara. His parents, Luis Camara and Elizabeth Castro, sue as Administrators Ad Prosequendum and Administrators of the Estate of Mark Camara (collectively, "Plaintiffs"). They filed this action to recover damages under the New Jersey Wrongful Death Act, N.J.S.A. 2A:32-2 and the New Jersey Survival Act, N.J.S.A. 2A:15-3, as well as punitive damages for gross negligence and willfulness. Originally named as defendants were the owner of the truck, Stevens Transport, Inc. ("Stevens Transport"), and several fictitiously-named entities and individuals. Plaintiffs later sought and were granted leave to file an Amended Complaint substituting Adam Lewis for John Doe #1 and Paragon Leasing, L.P. ("Paragon Leasing") for ABC Corporation #1 (Dkt. No. 22 ("Amended Complaint")).

    One of two motions now before the Court is the motion of Stevens Transport (Dkt. No. 31) to reverse Magistrate Judge Hammer's September 18, 2015 Opinion and Order (Dkt. Nos. 25, 26), which granted Plaintiffs' request for leave to file an amended complaint. I endorse Judge Hammer's sound and practical approach; his order is affirmed, and Stevens's appeal is denied.

1

Also before the Court is the motion of defendant Paragon Leasing, L.P. (Dkt. No. 36) to dismiss the Amended Complaint for insufficient service. That motion is likewise denied.

I.  **BACKGROUND**

On May 31, 2013, Mark Camara, who was riding a motorcycle in a westerly direction on New Brunswick Avenue, collided with a tractor trailer traveling east on New Brunswick Avenue and attempting to make a left turn onto the entrance ramp of U.S. Highway 9 South. Mark Camara sustained multiple severe injuries and died of those injuries later that day.

Plaintiffs began their investigation into the proper parties by obtaining the police reports from the Woodbridge Police Department. As the tractor trailer apparently left the scene of the accident, however, those reports did not include the name of the driver of the truck or any indication as to the owner or operator of the truck. Plaintiffs then obtained and reviewed surveillance camera footage of the accident site and, after hiring an expert to digitally enhance that footage, ascertained that the truck bore a Stevens Transport logo.

Plaintiffs filed their complaint in the Superior Court of New Jersey on March 7, 2014. The complaint sets forth six causes of action sounding in negligence and seeking damages under the New Jersey Wrongful Death Act, N.J.S.A. 2A:32-2, New Jersey Survival Act, N.J.S.A. 2A:15-3, and punitive damages for gross negligence and willfulness. Stevens Transport removed the action to this court on April 1, 2014 on grounds of diversity. (Dkt. No. 1) The next day, Stevens Transport filed their answer to the complaint. (Dkt. No. 3)

Discovery thereafter commenced. During discovery, Plaintiffs continued their efforts to discover the owner and operator of the truck. Plaintiffs propounded interrogatories and document requests on Stevens Transport on September 12, 2014. After repeated requests made by Plaintiffs over the next few months to Stevens Transport for responses to discovery, Plaintiffs sought Court intervention. Magistrate Judge Hammer ordered responses to be made by April 10, 2015. (Dkt. No. 12) Stevens Transport submitted responses to

Plaintiffs discovery requests on April 9, 2015. The interrogatory responses revealed that the truck was owned by Paragon Leasing and operated by Stevens Transport's employee, Adam Lewis. Plaintiffs moved for leave to amend the complaint to add Lewis and Paragon Leasing on May 28, 2015. (Dkt. No. 16) Magistrate Judge Hammer administratively terminated that motion without prejudice for failure to comply with Local Rules 7.1 and 7.2 and ordered Plaintiffs to refile by July 24, 2015. (Dkt. No. 21) Plaintiffs refiled their motion to amend on July 23, 2015. (Dkt. No. 22) Stevens Transport opposed. (Dkt. No. 23) On September 28, 2015, Magistrate Judge Hammer granted Plaintiffs' request for leave on the grounds that the requirements for application of the New Jersey fictitious party rule were met, which permitted a plaintiff to amend his complaint against fictitious names and entities to add those parties' true names even after the statute of limitations had run. (Dkt. No. 25) Magistrate Judge Hammer directed that an amended complaint be filed within 10 days of the order. (Dkt. No. 26)

Plaintiffs filed their amended complaint on September 22, 2015, substituting Paragon Leasing as ABC Corporation #1 and Adam Lewis as John Doe #1. (Dkt. No. 27) Stevens Transport answered the Amended Complaint on September 23, 2105. (Dkt. No. 28) On October 2, 2015, Steven Transport filed the instant appeal of Magistrate Judge Hammer's opinion to permit amendment of the pleadings. (Dkt. No. 31) Plaintiffs opposed the motion on October 15, 2015. (Dkt. No. 32) On October 22, 2105, Lewis answered the Amended Complaint. (Dkt. No. 34) On October 29, 2015, Paragon Leasing, L.P. filed their motion to dismiss for insufficient service. (Dkt. No. 36) Plaintiffs opposed that motion on November 23, 2015, and Paragon Leasing replied on November 30, 2015. (Dkt. Nos. 37, 38)

## II. Stevens Transport's Appeal of Order Granting Leave to Amend

### a. The Appeal in the Context of the Discovery Process

A District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The appealing party bears the burden of showing that a ruling is "clearly erroneous or contrary to law." *See Sang Geoul Lee v. Won Il Park*, 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015). Stevens Transport contends that Magistrate Judge Hammer's Opinion was contrary to law because the action against Lewis was barred by the two-year statute of limitations, and amendment was therefore futile. The argument is one of law, and I review it *de novo*.

The two-year statute of limitations under New Jersey law expired on May 31, 2015. Some weeks earlier, on April 9, 2015, the plaintiffs first learned in discovery that the driver of the truck when the accident occurred, named as "John Doe" in the complaint, was Anthony Lewis. But, says Stevens, "the plaintiffs waited 7 weeks – and let two motion cycles pass – before moving for leave to amend by substituting Lewis [sic] name in the caption, thus guaranteeing that, were the court to grant leave, the action against Lewis would not be timely." (Stevens Br. at 4) The plaintiffs did, however, *move* to amend on May 28, 2015, three days before the two-year statute of limitations ran.[1] Stevens Transport nevertheless asserts that, even on the view most favorable to plaintiffs, the motion to amend was not timely because it was not brought in time to have a *return date* permitting the amended complaint to be filed within the limitations period.

The driver was no longer present when the police arrived at the scene of the accident. Stevens Transport, however, undoubtedly knew or could easily have ascertained the name of its own driver. More to the point, Stevens should

---

[1] On July 2, 2015, after briefs in opposition to the motion had been filed, it was administratively terminated for technical noncompliance with the requirement that the motion include a brief or a statement that no brief is necessary. Plaintiffs refiled their motion on July 23, 2015.

have supplied that information promptly in discovery. As related by Magistrate Judge Hammer, in the initial Rule 26 disclosures, Stevens Transport responded to the query regarding all persons with discoverable information with a blanket "None known at this time." It is very difficult for this Court to accept that Stevens, even at that early stage, could not identify even a single individual who might possess discoverable information.

On September 14, 2014, the plaintiff propounded interrogatories seeking the name of the driver. Answers were due on October 12, 2014, a deadline later extended to January 23, 2015. Stevens failed to provide any response, despite a prodding letter from plaintiff's counsel. Defense counsel's noncompliance conveniently extended past the deadline originally set to file motions to amend pleadings. On March 9, 2015, plaintiffs' counsel wrote to the court stating that its discovery requests had gone unanswered. Magistrate Judge Hammer responded by ordering compliance with plaintiffs' discovery requests by April 17, 2015. On April 9, 2015, Stevens finally complied. Its responses identified, for the first time, the operator of the truck. That, then, is the background for Stevens's position that the plaintiff then waited too long to make its motion to amend. *See* Mag. Judge Op., ECF No. 25, at 2–3.

The motion to amend, at any rate, was initially filed within the two year limitations period. It placed Stevens and Lewis on notice that Lewis was alleged to be "John Doe #1."

For the reasons expressed below, Stevens Transport's appeal lacks legal merit. I point out the foregoing facts, however, to emphasize that the equities are not on the side of Stevens as movant here. I am disinclined to elevate form over substance, and I would probably not require more, even if the fictitious party rule did not apply—and it does apply.

### b. Fictitious party and relation back

Magistrate Judge Hammer correctly ruled that the fictitious party rule applied here to toll the statute of limitations, and that the plaintiffs' motion to amend the complaint was therefore not futile. New Jersey's fictitious party rule

5

permits a plaintiff to file a complaint using a fictitious name for an unknown party and to later amend that complaint to name the true party even after the limitations period has run. N.J. Ct. R. 4:26-4; see Fed. R. Civ. P. 15(c)(1)(A) (looking to whether "the law that provides the applicable statute of limitations allows relations back"). The rule requires that (1) the complaint include a sufficient description of the fictitious party, (2) plaintiff exercise due diligence in ascertaining the party's true name, and (3) there be no prejudice to the newly-named party. See *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353–54 (3d Cir. 2004).

### 1. Sufficient description of the fictitious party

The original complaint alleges that on May 31, 2013, a tractor trailer owned by Stevens Transport was being driven. (Compl. ¶ 3) The complaint identifies individual defendants only as "John Doe" and "Richard Roe." It alleges, however, that the vehicle "was being operated by the defendant, John Does 1-10 (fictitious names presently unknown)... traveling in the easterly direction of New Brunswick Avenue and making a left turn onto the entrance ramp of U.S. Highway 9 South in Township of Woodbridge, County of Middlesex and State of New Jersey." (Cplt. ¶ 3) It further alleges that "[a]t the aforesaid time and place, the defendant, John Does 1-10 (fictitious names presently unknown), was negligent and careless in the operation of said motor vehicle, so as to cause it to smash into and strike the motorcycle being operated by deceased plaintiff, Mark A. Camara." (Cplt. ¶ 4)

That description is sufficient to uniquely specify the unknown driver as the person operating the Stevens truck that collided with Camara's motorcycle at that particular time and location. Magistrate Judge Hammer did not err in finding that the specificity requirement was met.

### 2. Due diligence in ascertaining the party's true name

There is no dispute that the plaintiffs did not know the identity of the driver of the tractor trailer at the time they filed the original complaint. Stevens

does not deny that the plaintiffs did not know that the driver was Adam Lewis at any time before April 9, 2015.

In an effort to uncover the driver's identity, the plaintiffs reviewed police reports maintained by the Woodbridge Police Department. These reports did not contain Lewis's name, apparently because Lewis did not remain at the scene of the accident. The plaintiffs next reviewed surveillance videos of the area where the accident took place. They hired an expert to digitally enhance that video footage, and ascertained that the truck bore a Stevens Transport logo. After filing their complaint naming Stevens Transport, the plaintiffs were entitled to presume that discovery would reveal the driver's identity. Incredibly, Stevens Transport's initial disclosures failed to identify *anyone* with discoverable information. Plaintiffs then propounded interrogatories and requests for production. These included a simple, easily-answered request for the name of the operator and owner of the truck. These requests were made on September 12, 2014. Only after eight months, a blown extended deadline, and a direct court order did Stevens Transport respond.

Magistrate Judge Hammer properly found that these efforts constituted due diligence in ascertaining the true identity of the unknown parties.[2]

### 3. Prejudice to the Newly-Named Party

As Magistrate Judge Hammer correctly found, there has been no significant showing of prejudice to Lewis. Lewis is an employee of Stevens Transport. His identity was within the possession and control of Stevens Transport the whole time. Lewis himself necessarily knew that he was the driver of the truck and that the accident had occurred. The motion to amend the complaint, containing Lewis's name, was filed within the limitations period. There is no indication that memories faded, evidence was lost, or the like, in

---

[2]   Stevens Transport focuses on the plaintiffs' lack of "diligence" *after* Stevens finally revealed the driver's name, arguing that they delayed filing the motion to amend. The diligence in question here, however, is the plaintiffs' diligence in attempting to uncover the name of the driver. Magistrate Judge Hammer did not err in finding that plaintiffs did make diligent efforts to do so.

the four-month period between the expiration of the statute of limitations (on May 31, 2015) and Judge Hammer's grant of the motion to amend (on September 18, 2015). No particular prejudice is discernible.

I find that Magistrate Judge Hammer properly found that the requirements of the New Jersey fictitious party rule were met. I further find that Judge Hammer correctly found that the application of the fictitious party rule tolled the statute of limitations. Amendment of the complaint therefore was not futile, and the motion to amend was properly granted. Magistrate Judge Hammer's decision is affirmed.

A final word. Stevens Transport's counsel doubtless filed this appeal from the Magistrate Judge's order in the hope that this case would get my attention. They have their wish. I will be monitoring this case. I stress that no determination of fault has been made. What cannot be denied, however, is that this is a serious matter: an action brought by parents based on the death of their son. I expect all parties to dispense with gamesmanship and engage in the discovery process with good faith and alacrity.

### III.   Paragon's Motion to Dismiss for Insufficient Service of Process

Paragon Leasing moves to dismiss the complaint for insufficient service of process. A motion authorized by Federal Rule 12(b)(5) charging insufficient service of process "permit[s] the defendant to challenge departures from the proper procedure for serving the summons and complaint.... A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.).

The procedural requirements for proper service are set forth in Rule 4 of the Federal Rules of Civil Procedure, which requires that a summons be served with a copy of the complaint. Service must be completed within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m) (90 days, effective Dec. 1, 2015).

Service of a partnership, such as Paragon Leasing, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a partnership may be made "by serving a copy of the summons and complaint . . . on an officer or managing agent or ... a general partner." N.J. Ct. R. 4:4-4(a)(5).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

Here, the Amended Complaint was filed on September 22, 2015. (Dkt. No. 27) On September 29, 2015, a summons was issued as to Paragon Leasing. (Dkt. No. 30) Thereafter, Plaintiffs engaged a process server to effectuate service on Paragon Leasing in Texas. On October 9, 2015, the process server attempted service at Paragon Leasing's offices in Dallas, leaving the documents with Caitlin Underwood, an employee who works in the truck manager's office. Paragon Leasing contends that this was improper service because Ms. Underwood was not a partner, officer, managing or general agent,

or appointed agent of Paragon Leasing and was not authorized to accept service. After receiving Paragon Leasing's motion to dismiss, Plaintiff engaged the process server to attempt service on Steven Aaron, Paragon Leasing's registered agent. The process server made seven such attempts between November 3 and 19, 2015, all of which were rebuffed by employees informing the process server that Mr. Aaron was not in, that actually Mr. Bill Talent was the one to receive legal papers, and that Mr. Talent was not in, and finally, security guards refused to let the server into the building. (Dkt. No. 37-2) In light of this, Plaintiffs mailed a copy of the summons and complaint by certified and ordinary mail to Mr. Aaron on November 20, 2015. (Dkt. No. 37-3 ¶¶ 2–3)

The plaintiffs have duly effectuated service on Paragon Leasing. The mailing to Mr. Aaron on November 20, 2015, was within the 120-day period set forth in Rule 4(m) (and also within the 90-day period in the amended version of the rule). It constitutes delivery to an agent authorized to receive service of process.

Paragon Leasing's arguments to the contrary are hypertechnical and unpersuasive. Paragon Leasing grouses that an official copy of the Amended Complaint was not included in the mailing. That mailing included the Summons; a copy of the plaintiffs' motion to amend the complaint; the proposed amended complaint that accompanied the motion (which is substantively identical to the amended complaint as eventually filed) (ECF No. 22-2); and proposed order. It is undisputed that Paragon Leasing has received actual notice; it acknowledges receipt of the package of papers on November 23, 2014. (Dkt. No. 38-1 ¶¶ 2–3)

Where, as here, "there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Coulter v. U.S. Dep't of Homeland Sec.*, 2008 WL 4416454, at *4 (D.N.J. Sept. 24, 2008) (citing *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 56 (3d Cir. 1986)). That principle is in keeping with the overarching command of Rule 1, Fed. R. Civ. P., that the Rules "be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The parties should not harbor any doubts that this Court strongly favors the disposition of cases on the merits.

I find that Paragon Leasing was properly served on November 20, 2015. Thus, I deny the motion to dismiss the Amended Complaint for insufficient service.

### III. CONCLUSION

For the reasons stated above, Defendant Stevens Transport's Motion to Reverse Magistrate Judge Hammer's Opinion and Order is **DENIED** and the Opinion and Order are **AFFIRMED**. Defendant Paragon Leasing's Motion to Dismiss the Amended Complaint for insufficient service is **DENIED**. An appropriate order follows.

_____
KEVIN MCNULTY, U.S.D.J.

Date: January 8, 2016